# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

TYLER KASE,

    Plaintiff,

v.                                                      CASE NO.:

ACCOUNTING FULFILLMENT SERVICES, LLC,
d/b/a 1-800ACCOUNTANT,

    Defendant.

_____/

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, TYLER KASE ("Plaintiff"), hereby sues Defendant, ACCOUNTING FULFILLMENT SERVICES, LLC, d/b/a 1-800ACCOUNTANT, and alleges:

## **JURISDICTION AND VENUE**

1. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, as Plaintiff's claims alleged herein arise under federal law.

2. The Court has jurisdiction over the subject matter of this action pursuant to the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. § 4301, *et seq.* (the "USERRA").

3. Venue lies in this Middle District of Florida pursuant to 28 U.S.C. § 1391 because the Defendant does business in this district and a substantial part of the alleged events or omissions giving rise to this action occurred in this district.

## PARTIES

4. Defendant ACCOUNTING FULFILLMENT SERVICES, LLC, d/b/a 1-800ACCOUNTANT ("Defendant") is a foreign profit corporation authorized to do business in Florida, operating a business at 6565 Ulmerton Rd., Largo, FL 33771, and with a registered agent located at: **Kayla Boles, 6565 Ulmerton Rd., Largo, FL 33771**.

5. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the USERRA. Defendant was Plaintiff's employer as it relates to these claims and knew of Plaintiff's status as a member of the military.

6. At all times pertinent hereto, Plaintiff, TYLER KASE ("Plaintiff"), has been a citizen of the State of Florida and was employed by Defendant.

7. Plaintiff is a member of a class protected by law because he was discriminated against and retaliated against by his employer, the Defendant, in part due to his military status and performed service in the Armed Forces of the United States.

## FACTUAL ALLEGATIONS

8. Plaintiff worked for the Defendant from April 2022 through July 22, 2022, while also an active member in the Armed Forces of the United States. During his tenure with Defendant, Plaintiff held the position of Telemarketing/Sales Associate.

9. On June 8, 2022, Plaintiff received an email from SFC Antonio Rivera, Unit Readiness NCO of the U.S. Army National Guard, that he was going to be deployed for training on June 15, 2022. Plaintiff immediately notified his Sales Manager, Michele Myers, and his Human Resources Manager, Stephanie Hemphill, of the deployment.

10. Ms. Myers and Ms. Hemphill tried to convince Plaintiff to resign his employment and reapply for the job when he returned from his deployment. Plaintiff refused to resign and informed Ms. Myers and Ms. Hemphill that he wanted his position to be held until he returned, thereby engaging in statutorily protected activity under USERRA.

11. On June 15, 2022, Plaintiff mobilized to Fort Miflin and, on June 16, 2022, mobilized to California for training. Plaintiff provided Human Resources Manager Hemphill a copy of his official orders of deployment.

12. On or about July 21, 2022, Plaintiff returned from deployment and called Ms. Myers to inform her that he was resuming his job, but Ms. Myers would not answer her phone or call him back. Plaintiff then contacted his Training Manager, Terri, and informed her that he was resuming his job.

13. On or about July 22, 2022, Plaintiff spoke with a manager (name unknown) of Defendant who told Plaintiff he was fired with no notice or warning.

14. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of

enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive relief.

15. Defendant's actions were willful and/or were in reckless disregard of the severity of the violations of law represented by the same.

16. Plaintiff has retained the undersigned to represent his interest in this cause and is obligated to pay a fee for these services. Defendant should be made to pay said fee under USERRA and such other grounds as are authorized.

## COUNT I
## FAILURE TO REEMPLOY IN VIOLATION OF
## THE UNIFORMED SERVICEMEMBERS EMPLOYMENT
## AND REEMPLOYMENT RIGHTS ACT

17. Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 to 16 as if fully restated herein.

18. Defendant is an employer as that term is used under USERRA. An employer, for the purposes of USERRA, is "any person, institution, organization, or other entity that pays salary or wages for work performed or that has control over employment opportunities, including…any successor in interest to a person, institution, organization, or other entity referred to in this subparagraph." *Reynolds v. RehabCare Grp. E., Inc.*, 590 F. Supp. 2d 1107 (S.D. Iowa 2008).

19. Plaintiff is otherwise eligible, qualified, and ready to perform the employment responsibilities associated therewith.

20. The foregoing allegations establish a cause of action for unlawful

failure to reemploy based on Plaintiff's military status.

21. Plaintiff was statutorily entitled to reemployment under USERRA with Defendant, and Defendant refused to reemploy the Plaintiff, in violation of 38 U.S.C. § 4311.

22. Plaintiff properly provided notice to his employer prior to entering active duty service, and Defendant unlawfully terminated Plaintiff during Plaintiff's active duty service.

23. Defendant refused to reemploy Plaintiff after properly returning for reemployment.

24. Defendant's conduct as alleged in this complaint constitutes an unlawful employment practice in violation of USERRA.

25. The foregoing unlawful actions by Defendant were willful and/or recklessly indifferent to the applicable provisions of USERRA.

26. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff suffered lost wages and other tangible and intangible damages. He is entitled to all damages authorized by law and to injunctive relief.

27. Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT II
## DISCRIMINATION IN VIOLATION OF
## THE UNIFORMED SERVICEMEMBERSEMPLOYMENT
## AND REEMPLOYMENT RIGHTS ACT

28. Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 to 16 as if fully restated herein.

29. Plaintiff was otherwise eligible, qualified, ready, and willing to train and maintain his employment with Defendant.

30. Defendant terminated Plaintiff in part due to his military service and/or unavailability due to military service. Plaintiff was employed by Defendant and Defendant discriminated against Plaintiff because Plaintiff was obligated to serve in the military.

31. Plaintiff's membership, service and/or obligation for service in the United States Army National Guard was a motivating factor in the Defendant's termination of Plaintiff.

32. Plaintiff has lost wages and other economic benefits, as a direct and proximate result of the Defendant's refusal to reemploy him as a Telemarketing/Sales Associate.

33. Defendant's violations of USERRA were willful, because Defendants knew or perceived the risk that its termination of Plaintiff because, in part, of his military service and/or unavailability due to service violated USERRA or Defendants showed reckless disregard for the matter of whether they terminated Plaintiff because, in part, of his military service and/or because of his unavailability due to service was prohibited by USERRA.

34. Plaintiff requests relief as described in the Prayer for Relief below.

**COUNT III**
**RETALIATION IN VIOLATION OF THE**
**UNIFORMED SERVICEMEMBERS EMPLOYMENT**
**AND REEMPLOYMENT RIGHTS ACT**

35. Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 to 16 as if fully restated herein.

36. Plaintiff's obligations or membership for service in the uniformed services or exercise of a right provided for under USERRA were a motivating factor in all retaliatory actions taken against Plaintiff by Defendant.

37. Specifically, Plaintiff's membership in the United States Army National Guard and/or Plaintiff's exercise of a right as a member of the United States Army National Guard caused him to be retaliated against by the Defendant by terminating his employment. Plaintiff was subjected to retaliation for performing his military service and/or requesting a right be afforded to him by Defendant under USERRA, 38 U.S.C §4311.

38. Plaintiff is entitled to seek relief for the violations of 38 U.S.C. §4311 (USERRA).

39. Defendant's violations of USERRA were willful, because Defendant knew or perceived the risk that its retaliation against Plaintiff violated USERRA or Defendant showed reckless disregard for the matter of whether its retaliation was prohibited by USERRA.

40. Plaintiff requests relief as described in the Prayer for Relief below.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays the Court award Plaintiff the following relief:

1. A trial by jury as to all matters so triable;

2.   Equitable relief against Defendant mandating Defendant's obedience to USERRA and providing such other equitable relief as the Court deems just and proper;

3.   That Plaintiff have and recover from Defendant compensatory, extracompensatory, punitive, and statutory damages to the extent the law allows;

4.   That Plaintiff have and recover from Defendant pre and post-judgment interest on such award of damages to the extent the law allows;

5.   That Plaintiff have and recover his costs and reasonable attorney's fees from Defendant to the extent the law allows; and

6.   Any other relief the Court deems just and appropriate.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues.

Dated:  August 18, 2022

    Respectfully submitted,

    */s/ Jay P. Lechner*
    **LECHNER LAW**
    Jay P. Lechner, Esq.
    Florida Bar No.: 0504351
    Jay P. Lechner, P.A.
    Fifth Third Center
    201 E. Kennedy Blvd., Suite 412
    Tampa, Florida 33602
    Telephone: (813) 842-7071
    jplechn@jaylechner.com
    admin@jaylechner.com
    *Lead counsel for Plaintiff*